IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 2:15-CR-235(1) |
| v. | : |
| | : JUDGE MICHAEL H. WATSON |
| MARK A. EUBANKS | : |

### PLEA AGREEMENT

Plaintiff United States and the defendant, MARK A EUBANKS, hereby enter into the following Plea Agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure:

1. The defendant, MARK A EUBANKS, will enter a plea of guilty to Count One of the Indictment: Conspiracy to Possess with Intent to Distribute One or More Kilograms of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and 846.

2. The defendant, MARK A EUBANKS, understands that the penalties that may be imposed pursuant to his plea of guilty Count One are as follows: a mandatory-minimum term of imprisonment of ten (10) years, up to life imprisonment; a fine of up to $10,000,000; and a term of supervised release, from a mandatory-minimum five (5) years up to life on supervised release. MARK A. EUBANKS also acknowledges that due to the Information which was filed pursuant to 21 U.S.C. § 851(a)(1), his sentence will be enhanced for this conviction for Count One as set forth in 21 U.S.C. § 841(b). The parties agree that the Information filed, pursuant to 21 U.S.C. § 851(a)(1), outlining MARK A. EUBANKS' prior conviction in the Court of Common Pleas of Scioto County, Ohio Case No. 09-CR191 constitutes a single conviction for purposes of sentencing under 21 U.S.C. § 841(b)(1)(A)(viii) and 21 U.S.C. § 851.

3. If such plea of guilty is entered, and not withdrawn, and the defendant, MARK A. EUBANKS, acts in accordance with all other terms of this agreement, the United States Attorney

for the Southern District of Ohio agrees not to file additional criminal charges against the defendant, based on his activities charged in the Indictment or based on other narcotics violations in the Southern District of Ohio and elsewhere occurring prior to the date of the Indictment and as to which the defendant gives testimony or makes statements pursuant to this agreement..

4. Prior to or at the time of sentencing the defendant, MARK A EUBANKS, will pay to the U.S. Department of Justice a special assessment in the amount of $100.00 as required in 18 U.S.C. § 3013. This assessment shall be paid by the defendant before sentence is imposed and he will furnish a receipt at the time of sentencing. The payment shall be made to the United States District Court, at the Clerk's Office, 85 Marconi Boulevard, Columbus, Ohio 43215.

5. By virtue of his guilty plea Count One, the defendant, MARK A EUBANKS, understands that he is not a prevailing party as defined by 18 U.S.C. § 3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives his right to sue the United States.

6. The defendant, MARK A EUBANKS, agrees to forfeit all right, title, and interest he has in the property described in the Consent Order attached as Exhibit A to this Plea Agreement, involving certain firearms, ammunition, and/ or U.S. currency seized during the investigation in this case and possessed, used, and/or obtained directly or indirectly from the criminal activity alleged in the Indictment. The defendant agrees to execute the Consent Order of Forfeiture at the time he enters his plea of guilty in accordance with this Plea Agreement. The defendant further agrees not to contest the judicial and/or administrative forfeiture of the property set forth in the Consent Order, to assist the United States to resolve any third-party claims to the property, and waives any failure by the Court to fully comply with the requirements in Federal Rule of Criminal Procedure 32.2(b)(4).

7. The defendant, MARK A EUBANKS, understands that this agreement does not protect him from prosecution for perjury, should he testify untruthfully, nor does it protect him from prosecution for other crimes or offenses which the United States discovers by independent investigation. Further, should the defendant fail to comply fully with the terms and conditions set forth herein, this agreement is voidable at the election of the United States Attorney for the Southern District of Ohio, and the defendant may be subject to prosecution as if the agreement had never been made.

8. For sentencing purposes, the parties agree to make the following recommendations to the Court:

> (1) The United States Attorney for the Southern District of Ohio recommends that as of the time of the execution of this Plea Agreement, the defendant has accepted responsibility for the offenses to which he has agreed to plead guilty. If the defendant continues to accept responsibility through the time of sentencing, the United States will inform the Court, pursuant to U.S.S.G. § 3E1.1(b), that the defendant has timely notified authorities of his intention to plead guilty and is entitled to a three-level reduction pursuant to U.S.S.G. § 3E1.1;
>
> (2) The United States agrees not to seek any upward departure or variance from the advisory guideline range as determined by the Probation Department.
>
> (6) The parties agree that all provisions of this paragraph are not binding upon the District Court and that determination of all sentencing issues rests with the District Court.

9. The defendant, MARK A EUBANKS, is aware that, in light of United States v. Booker, 543 U.S. 220 (U.S. 2005), the United States Sentencing Guidelines are advisory and are no longer mandatory. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is further aware that any estimate of a probable sentencing range that the defendant may have received, or may receive in the future, from his counsel, the United

3

States, or the Probation Department is a prediction, not a promise, and is not binding on the United States, the Probation Department or the Court. The United States makes no promise or representation concerning the sentence that the defendant will receive, and the defendant cannot withdraw his guilty plea based upon the actual sentence.

10. It is agreed that if the Court refuses to accept any provisions of this Plea Agreement, with the exception of the recommendations in paragraph 8, neither party is bound by it. The defendant, MARK A EUBANKS, may withdraw his guilty plea, and the United States Attorney for the Southern District of Ohio may proceed with prosecution pursuant to the Indictment without prejudice.

11. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties.

05 FEB 16
Date

MARK A. EUBANKS
Defendant

Feb 5, 2016
Date

KEITH YEAZEL  0041274
Attorney for Defendant

02/09/16
Date

CARTER M. STEWART
United States Attorney

MICHAEL J. HUNTER (0076815)
Assistant U.S. Attorney

2/9/16
Date

BRIAN J. MARTINEZ (CA 224587)
Assistant U.S. Attorney

4