```
                                                                    1
 1                     UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF OHIO
 2                           EASTERN DIVISION

 3   UNITED STATES OF AMERICA,)
                              )
 4     PLAINTIFF,             )        CASE NO. 2:15-CR-235-1
                              )
 5          vs.               )
                              )
 6   MARK A. EUBANKS,         )
                              )
 7     DEFENDANT.             )
     _____)
 8

 9                REDACTED {PER INSTRUCTION OF THE COURT}
              TRANSCRIPT OF PROCEEDINGS OF CHANGE OF PLEA
10               BEFORE THE HONORABLE MICHAEL H.WATSON
                WEDNESDAY, FEBRUARY 17, 2016; 3:00 P.M.
11                          COLUMBUS, OHIO

12

13     FOR THE PLAINTIFF:
           US ATTORNEY'S OFFICE
14         By:  MICHAEL J. HUNTER, ESQ.
           303 MARCONI BOULEVARD, 2ND FLOOR
15         COLUMBUS, OH 43215

16

17     FOR THE DEFENDANT:

18         By:  KEITH A. YEAZEL, ESQ.
           905 SOUTH HIGH STREET
19         COLUMBUS, OH 43206

20                              - - -

21      Proceedings recorded by mechanical stenography, transcript
     produced by computer.
22

23                         GEORGINA L. WELLS
                      FEDERAL OFFICIAL COURT REPORTER
24                   85 MARCONI BOULEVARD, ROOM 121
                          COLUMBUS, OHIO 43215
25
```

2

1                Wednesday Afternoon Session,

2                February 17, 2016.

3                     - - -

4        COURTROOM DEPUTY CLERK:  This is Case Number
5   2:15-cr-235, Defendant Number 1, the United States of America
6   v. Mark Eubanks.  Counsel, please enter your appearances.
7        MR. HUNTER:  Good afternoon, Your Honor.  Michael
8   Hunter on behalf of the United States.
9        MR. YEAZEL:  Keith Yeazel on behalf of
10  Mr. Eubanks, who is present in the courtroom.
11       Good afternoon, Your Honor.
12       THE COURT:  Good afternoon.  Mr. Eubanks, good
13  afternoon to you.
14       THE DEFENDANT:  Good afternoon, Your Honor.
15       THE COURT:  To the extent that you are able to with
16  handcuffs on, raise your right hand and be sworn, please.
17       (THEREUPON, the defendant is sworn in.)
18       THE COURT:  State your full name for the record.
19       THE DEFENDANT:  Mark Anthony Eubanks.
20       THE COURT:  The purpose of placing you under oath is
21  to apprize you that you are in a federal courtroom under oath,
22  and I expect you to tell me the truth.  If you say something
23  today that turns out not to be the complete truth, you might
24  face additional charges for perjury or making a false
25  statement; do you understand that?

3

1         THE DEFENDANT: Yes, Your Honor.

2         THE COURT: Go ahead and be seated. How old are you,
3 sir?

4         THE DEFENDANT: Thirty-four years old.

5         THE COURT: What is your educational background?

6         THE DEFENDANT: I have Bachelor's degree in trade
7 school.

8         THE COURT: A citizen of the United States?

9         THE DEFENDANT: Yes, Your Honor.

10        THE COURT: You are charged with a pretty serious
11 crime here.

12         Is this the 10 to life version, Michael?

13        MR. HUNTER: Yes, Your Honor.

14        THE COURT: Conspiracy to possess with intent to
15 distribute one kilo or more of heroin, a Schedule I controlled
16 substance, in violation of 21 U.S.C., Sections 841(a)(1) and
17 (b)(1)(A)(i) as well as 21 U.S.C. 846, a statutory penalty,
18 mandatory minimum of 10 up to life, up to a $10 million fine,
19 five years to life of supervised release, a $100 special
20 assessment. Those are the statutory penalties. You are aware
21 of that, correct?

22        THE DEFENDANT: Yes, Your Honor.

23        THE COURT: All right. You have had an opportunity to
24 discuss these charges and any defenses you would have to these
25 charges with Mr. Yeazel; is that true?

4

1 THE DEFENDANT: Yes, Your Honor.
2 THE COURT: And you have previously entered a not
3 guilty plea at arraignment on this charge, correct?
4 THE DEFENDANT: Correct.
5 THE COURT: And today you are here to change your
6 previously entered not guilty plea and to plead guilty; is that
7 right?
8 THE DEFENDANT: Yes, Your Honor.
9 The Court: As you sit here today, are you under the
10 influence of any drugs of abuse or alcohol?
11 THE DEFENDANT: No, Your Honor.
12 THE COURT: All right. Are you seeing anyone for a
13 mental health issue?
14 THE DEFENDANT: No, Your Honor.
15 THE COURT: Are you taking any prescription
16 medications for any reason?
17 THE DEFENDANT: No Your Honor.
18 THE COURT: All right. Mr. Yeazel, have you had any
19 difficulty communicating with your client?
20 MR. YEAZEL: No, Your Honor.
21 THE COURT: You believe he has understood all your of
22 counseling and advice?
23 MR. YEAZEL: Yes, Your Honor.
24 THE COURT: All right. Very good. Michael, would you
25 like to outline the plea agreement for us?

5

1 MR. HUNTER: Thank you, Your Honor. In the plea
2 agreement filed with the Court, Mr. Eubanks agreed to plead
3 guilty to Count 1 of the Indictment, that charges conspiracy to
4 possess with intent to distribute more than one kilogram of
5 heroin. He acknowledges the penalties that may be imposed are
6 a mandatory minimum term of imprisonment of 10 years up to
7 life, a fine up to $10 million, a term of supervised release of
8 five years up to life.
9 He also acknowledges that due to the Information that
10 was filed in this case pursuant to 21 United States Code,
11 Section 851, that his sentence will be enhanced for that
12 conviction as set forth in 21 United States Code, Section
13 841(b). The parties also agree -- and we want to put this on
14 the record -- that the Information that was filed pursuant to
15 Section 851 constitutes a single conviction for purposes of
16 that sentencing enhancement. There is more than one narcotics
17 conviction in this case. The government is only relying on
18 one, Your Honor.
19 THE COURT: Very good.
20 MR. HUNTER: The parties acknowledge that if this plea
21 of guilty is entered and not withdrawn and Mr. Eubanks acts in
22 accordance with the terms of the plea agreement, the United
23 States agrees not to file additional charges against
24 Mr. Eubanks.
25 Mr. Eubanks also acknowledges that prior to the time of

1   sentencing, he will required to pay a $100 special assessment.
2          He also acknowledges that by virtue of pleading guilty
3   to Count 1, he is not the prevailing party as defined by
4   federal law, and he waives his right to sue the United States
5   under this agreement.
6          Mr. Eubanks also agrees to forfeit all right, title and
7   interest to the property contained in the consent form which
8   was attached as Exhibit A to the plea agreement.  That,
9   basically, contains firearms, ammunition and currency seized
10  during the investigation of this case.  He also agrees to
11  execute the consent order at the time that he enters the guilty
12  plea.  I believe we have already executed that and filed it, or
13  if we haven't, we will soon, Your Honor.  The defendant agrees
14  not to contest any judicial or administrative forfeiture as set
15  forth in the consent order.
16         Mr. Eubanks acknowledges under this agreement, it does
17  not protect him from a prosecution for perjury if he were to
18  testify untruthfully or other crimes or offenses that the
19  United States discovers by independent investigation.
20         He also acknowledges that if he fails to fully comply
21  with the terms of the agreement, it is voidable and subject to
22  prosecution as though the agreement had never been made.
23         The parties agree to make several recommendations to the
24  Court regarding application of the sentencing guidelines.
25  These are contained in Paragraph 8 of the plea agreement.

1	Specifically, the United States agrees that if the
2	defendant continues to accept responsibility, essentially, he
3	will be entitled to a three-level reduction in his offense
4	level.  The United States also agrees not to seek any upward
5	departure or deviation or variance from the advisory guideline
6	range as determined by the Probation Department, and all
7	parties acknowledge these are simply recommendations and in no
8	way bind the District Court.
9	Mr. Eubanks further acknowledges that the U.S.
10	Sentencing Guidelines are no longer mandatory, that they are
11	advisory, and the Court has the jurisdiction and authority to
12	impose any sentence up to the statutory maximum.
13	Mr. Eubanks also acknowledges that the Court has not yet
14	determined a sentence, and so any estimate of a probable
15	sentencing range he may have received is a prediction and not a
16	promise, is not binding on the United States, the Probation
17	Department or the Court.
18	In this agreement, the United States expressly makes no
19	promise or representation concerning the sentence the defendant
20	will receive, and he acknowledges he cannot withdraw his guilty
21	plea based upon the actual sentence in this case.
22	The parties further agree if the Court refuses to accept
23	any provisions of the plea agreement, other than those
24	recommendations mentioned in Paragraph 8, neither party will be
25	bound by it and Mr. Eubanks can withdraw his guilty plea, and

8

1 in turn, the U.S. Attorney's office can proceed with
2 prosecution without prejudice.
3     There are no additional promises or agreements or
4 conditions in this case, although I think counsel should
5 approach briefly.
6     THE COURT:  Very good.
7     - - -
8     Thereupon, the following proceeding was held at sidebar:
9     MR. HUNTER:  ███████████████████████████
10 ███████████████████████████████████████
11 ███████████████████████████████████████
12 ███████████████████████████████████████
13 ███████████████████████████████████████
14 ███████████████████████████████████████
15 ███████████████████████████████████████
16 ███████████████████████████████████████
17 ██████
18     THE COURT:  ██████████████████████████
19 █████████████████████████
20     MR. YEAZEL:  █████████████████████████
21 ████████████████
22     THE COURT:  ██████████████████████████
23 ██
24     MR. HUNTER:  █████████████████████████
25 █████████████████████████

1    MR. YEAZEL: ██████████████
2    ██████
3    THE COURT: ██████
4    MR. YEAZEL: ████████████████
5    ████████████████████
6    ██████████████
7    THE COURT: ██
8    MR. YEAZEL: ████████████████
9    ██████████████
10   ███████████████
11   ███████████████
12   ████████████████████
13   ████████████████████
14   ██
15   MR. HUNTER: ████████████████
16   ██████████
17   MR. YEAZEL: ████████████████
18   ██████
19   THE COURT: ██████████
20   MR. YEAZEL: ██████████████
21   ██████████████
22   THE COURT: ██████
23               - - -
24   Thereupon, the following proceedings were had in open
25   court:

1  MR. HUNTER: Your Honor, for the record, for the
2  statement of facts, the United States has provided a copy to
3  the Court. I believe the defense has made a couple of
4  corrections to it, but we propose to mark that as an exhibit
5  and attach it to the record in the case.
6  THE COURT: Very well. Do you agree to the
7  stipulation?
8  MR. YEAZEL: We agree to the stipulation, Your Honor.
9  THE COURT: Very good. The statement of facts will be
10 appended as Exhibit A to the plea agreement.
11  Mr. Eubanks, you read the 11-paragraph plea agreement
12 before you signed it?
13 THE DEFENDANT: Yes, Your Honor.
14 THE COURT: You had the opportunity to discuss any
15 defenses that you would have as well as the terms of this plea
16 agreement with Mr. Yeazel, correct?
17 THE DEFENDANT: That's correct, Your Honor.
18 THE COURT: You have read the statement of facts that
19 we have made two adjustments to here?
20 THE DEFENDANT: Yes, Your Honor.
21 THE COURT: And you would otherwise agree with the
22 statement of facts?
23 THE DEFENDANT: That's correct.
24 THE COURT: Did you sign this plea agreement on the
25 5th of February, 2016?

11

1         THE DEFENDANT: Yes, Your Honor.

2         THE COURT: All right. At the time you signed it, you
3 thoroughly understood it?

4         THE DEFENDANT: Correct, Your Honor.

5         THE COURT: Has anyone threatened you in any way, or
6 do you feel coerced in any way to enter into this guilty plea?

7         THE DEFENDANT: No, Your Honor.

8         THE COURT: I need to make sure you are entering into
9 this guilty plea of your own free will and volition; is that
10 accurate?

11         THE DEFENDANT: Yes, Your Honor.

12         THE COURT: Okay. The sentencing guidelines are
13 advisory. I will consider them because I must consider them,
14 but I don't have to follow them. Do you understand that?

15         THE DEFENDANT: Yes, Your Honor.

16         THE COURT: Supervised release would be a period of
17 post-incarceration supervision by the Court's Probation
18 Department. There are standard conditions that everyone on
19 supervised release must follow. There may be some special
20 additional conditions that would apply to you because of the
21 nature of the offense. If you violate supervised release, one
22 of the options is to have you brought back before the Court to
23 answer to the violations, and if you wish to challenge the
24 violations, you are entitled to put witnesses on and have the
25 government prove that you violated them. But if it is proven

12

1 that you violated them, then one of the things that I can do is
2 revoke and I can send you back to prison and not order any
3 credit for time previously served on supervised release as well
4 as adding on a new term of supervised release. Do you
5 understand that?
6        THE DEFENDANT: Yes, Your Honor.
7        THE COURT: You understand at this point, even now,
8 you have the right to plead not guilty and persist in that not
9 guilty plea?
10       THE DEFENDANT: Yes, your Honor.
11       THE COURT: If you were to do so, you would have the
12 right to a jury trial; do you understand that?
13       THE DEFENDANT: Yes, Your Honor.
14       THE COURT: At every stage of the proceedings, you
15 have the right to be represented by counsel. And you have no
16 burden of proof. Instead, the government has the entire burden
17 to prove each and every one of the following elements beyond a
18 reasonable doubt. So, in order to convict you at trial, the
19 government would have to prove that Mark A. Eubanks agreed with
20 at least one other person to possess with the intent to
21 distribute more than one kilo of heroin, a Schedule I
22 controlled substance. They would have to prove that the
23 conspiracy that's described in this indictment was willfully
24 formed and existed at or about the dates and times alleged.
25 They would have to prove Mark A. Eubanks willfully became a

13

member of the conspiracy. And they would have to prove that an act or your actions were in furtherance of this conspiracy that occurred on or about the dates stated in the indictment in the Southern District of Ohio, which is the federal jurisdiction of this Court.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Through counsel, you have right to confront and cross-examine the government's witnesses that would be called to testify against you. You have a Fifth Amendment right to remain silent at trial. And if you elect to do so, the government would still put on its evidence. However, they couldn't get up at the end of the case and argue to the jury that your silence was evidence of guilt. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you wish to put on your own witnesses in your defense, you would have the right to subpoena those witnesses and have the Court enforce those subpoenas and to have your witnesses delivered to court. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand before I can accept your guilty plea, you have got to waive or give up all of the rights that I just told you about?

14

1   THE DEFENDANT:  Yes, Your Honor.

2   THE COURT:  Is that you want to do at this time?

3   THE DEFENDANT:  Yes, Your Honor.

4   THE COURT:  How do you plead to this conspiracy
5   charge?

6   THE DEFENDANT:  Guilty.

7   THE COURT:  Based upon a review of the statement of
8   facts and based upon your answers here today, you appear to be
9   alert and oriented times three.  The statement of facts meets
10  each of the essential elements that the government must prove
11  beyond a reasonable doubt.

12      The Court will order a Presentence Investigation.  You
13  will be back in court probably ten to 12 weeks from now for
14  sentencing.  But in the meantime, you and Mr. Yeazel will have
15  an opportunity to meet with a Probation Officer who is going to
16  write the report.  You will provide the background answers and
17  information that they are looking for.  If there are objections
18  to be raised, Mr. Yeazel will raise them on your behalf.  If
19  they remain at sentencing, I will deal with them on the day of
20  sentencing.  Do you understand?

21  THE DEFENDANT:  Yes, Your Honor.

22  THE COURT:  Any questions?

23  THE DEFENDANT:  No, Your Honor.

24  THE COURT:  Okay.  The Court is going to accept the
25  guilty plea.  Find that it is a knowing, intelligent and

```
                                                                 15
 1   voluntary plea supported by an independent basis in fact that
 2   contains each of the essential elements of the offense.  You
 3   are now adjudged guilty of this federal felony, and the Court
 4   orders the Presentence Investigation.  We will see you in about
 5   two-and-a-half or three months, all right?
 6           THE DEFENDANT:  Yes, Your Honor.
 7           COURTROOM DEPUTY CLERK:  All rise.  We are adjourned.
 8                                - - -
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

16

C E R T I F I C A T E

1
2
3      I, Georgina Wells, do hereby certify that the
4  foregoing is a true and correct transcript of the proceedings
5  before the Honorable Michael H. Watson, Judge, in the United
6  States District Court, Southern District of Ohio, Eastern
7  Division, on the date indicated, reported by me in shorthand
8  and transcribed by me or under my supervision.
9
10
11                         s/Georgina Wells
12
13                         Georgina Wells,
                           Official Federal Court Reporter
14
15
16
17
18
19
20
21
22
23
24
25